Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| MUNICIPIO AUTÓNOMO DE SAN JUAN<br><br>Apelante<br><br>v.<br><br>ANA JOSEFINA MIERES Y SUCESIÓN DE IRIS JOSEFINA MIERES; ADOLFO MIERES CALIMANO REPRESENTADA POR FULANO DE TAL Y ZUTANO DE TAL<br><br>Apelados<br><br>CENTRO DE RECAUDACIÓN DE INGRESOS MUNICIPALES<br><br>Parte con Interés | KLAN202500074<br><br>consolidado con<br><br>KLAN202500114 | APELACIÓN procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil núm.: SJ2024CV03780 (901)<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres.

**Rivera Torres, Juez Ponente**

### SENTENCIA

En San Juan, Puerto Rico, a 10 de marzo de 2025.

Comparece ante este tribunal apelativo, el Municipio Autónomo de San Juan (el Municipio o apelante) mediante el recurso de apelación **KLAN202500074** y nos solicita que revoquemos la *Sentencia Parcial* emitida por el Tribunal de Primera Instancia, Sala Superior de San Juan (el TPI), el 25 de septiembre de 2024, notificada ese mismo día. Mediante este dictamen, el foro primario ordenó la desestimación y archivo sin perjuicio de la causa de acción instada por el Municipio contra la Sra. Ana Josefina Mieres (señora Mieres) por no haber sido emplazada en el término de 120 días.

Asimismo, el apelante, mediante el recurso **KLAN202500114**, nos peticiona que revoquemos la *Sentencia* emitida por el TPI el 10

Número Identificador
SEN2025_____

de diciembre de 2024, notificada el 13 de diciembre siguiente. Mediante esta, el foro *a quo* ordenó **la desestimación y el archivo sin perjuicio de la totalidad del pleito** sin imposición de costas ni honorarios, debido a que no se emplazaron en igual plazo a los demás codemandados.

Por los fundamentos que expondremos a continuación, procede confirmar la *Sentencia Parcial* apelada **(KLAN202500074)** y a su vez, desestimar el recurso de apelación **KLAN202500114**, el cual se solicita revisar la *Sentencia* final por la falta de jurisdicción ante su presentación tardía.

## I.

El 24 de abril de 2024, se presentó la demanda de epígrafe en cobro de dinero contra varias personas, entre ellas, la señora Mieres. En apretada síntesis, se alegó que estos demandados son usufructuarios de un terreno perteneciente al Municipio de San Juan y que adeudan los cánones establecidos para el usufructo y el pago de las contribuciones sobre la propiedad.

En lo pertinente a la controversia ante esta *Curia*, el 2 de mayo de 2024 se expidió el emplazamiento dirigido a la apelada. Posteriormente, a saber, el 21 de agosto del mismo año, el apelante presentó una moción para solicitar que se autorizara el emplazamiento por edicto, toda vez que esta no había podido ser localizada.[1] Atendida la moción, el 25 de septiembre de 2024, el TPI emitió una *Orden* declarando No Ha Lugar el emplazamiento por edicto de la apelada; por entender que, de los documentos y de la declaración jurada del emplazador, no surgía haberse realizado gestiones suficientes para intentar localizar a la apelada.[2] Así las cosas, ese mismo día, el foro apelado emitió el siguiente dictamen:[3]

En el caso de autos, el emplazamiento dirigido a la parte demandada Ana Josefina Mieres se expidió el **2**

---

[1] Véase, Apéndice del Recurso a la pág. 28.
[2] *Íd.*, a las págs. 32-34.
[3] *Íd.*, a la pág. 3.

**de mayo de 2024**, por lo que el término de ciento veinte (120) días para diligenciarlos venció el **30 de agosto de 2024**. Si bien es cierto que varios días antes de vencer el término para emplazar se presentó una moción para emplazar por edicto, esta fue denegada por no cumplir con la Regla 4.6 de Procedimiento Civil. De la declaración jurada del emplazador contratado por la parte demandante no surgen gestiones suficientes y detalladas para concluir que, en efecto, la demandada no ha podido ser localizada a pesar de haberlo intentado.

Según discutido anteriormente, el término para diligenciar los emplazamientos es improrrogable, por lo que el término para emplazar a la demandada venció el 30 de agosto de 2024 sin que se hubiera diligenciado y sin que se hubiera cumplido con la Regla 4.6 de Procedimiento Civil y con los criterios jurisprudenciales exigidos para poder solicitar el emplazamiento por edicto.

Por todo lo anterior, habiendo transcurrido en exceso de ciento veinte (120) días sin que se hayan diligenciado los emplazamientos según requiere la Regla 4.3 (c) de Procedimiento Civil de Puerto Rico, y sin que se hubiese solicitado correctamente el emplazamiento por edicto, se ordena **la desestimación y archivo sin perjuicio del caso de epígrafe en cuanto a Ana Josefina Mieres**, sin especial imposición de costas ni honorarios.

Se dicta esta Sentencia Parcial por no existir razón para posponerla hasta la resolución final de la acción incoada, y se ordena que se registre y notifique la presente Sentencia Parcial conforme a las Reglas 42.3 y 46 de Procedimiento Civil, 32 LPRA Ap. V, Rs. 42.3 y 46. [Énfasis en el original y subrayado nuestro]

Inconforme, el Municipio oportunamente solicitó la reconsideración del dictamen.[4] El 27 de noviembre de 2024, notificada el 3 de diciembre siguiente, el TPI declaró *no ha lugar* al petitorio.[5]

Así las cosas, el 10 de diciembre de 2024, notificada el 13 del mismo mes y año, el foro apelado dictó una *Sentencia* en la que ordenó la desestimación y el archivo sin perjuicio de la totalidad del pleito sin imposición de costas ni honorarios, debido a que no se emplazaron en el término de 120 días a los demás codemandados, *Sucesión de Iris Josefina Mieres; Adolfo Mieres Calimano, representada por Fulano de Tal.* Es importante hacer constar que, para llegar a esta determinación, el TPI realizó una comparación detallada de las declaraciones juradas suscritas por el emplazador

---

[4] *Íd.*, a las págs. 4-26.
[5] *Íd.*, a la pág. 27.

el 21 de agosto de 2024 y el 10 de octubre de 2024. Esta última, según requerida en la *Orden* del 25 de septiembre de 2024.

Insatisfecho con la *Sentencia Parcial*, el apelante comparece ante este foro intermedio, mediante el recurso **KLAN202500074**, imputándole al TPI la comisión de los siguientes errores:

> PRIMER ERROR: ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE NO SE REALIZARON GESTIONES SUFICIENTES QUE JUSTIFICARAN LA CONCESIÓN DE VARIOS EMPLAZAMIENTOS POR EDICTO.
>
> SEGUNDO ERROR: ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ DE SU DISCRECIÓN AL APLICAR UN ESTÁNDAR MÁS RIGUROSO DEL REQUERIDO PARA CONCEDER EMPLAZAMIENTOS POR EDICTO.
>
> TERCER ERROR: ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ DE SU DISCRECIÓN AL DESESTIMAR LA DEMANDA DEL MUNICIPIO A LA MISMA VEZ Y EL MISMO DÍA EN QUE DECIDIÓ LA MOCIÓN DE EMPLAZAMIENTO POR EDICTO. LO ANTERIOR, A PESAR DE QUE CONOCÍA QUE DICHA MOCIÓN FUE PRESENTADA EN TIEMPO Y QUE EL PROPIO TRIBUNAL SE TARDÓ MÁS DE UN MES EN RESOLVERLA, LAPSO SUFICIENTE PARA QUE EXPIRARA EL TÉRMINO ORIGINAL.

Asimismo, en desacuerdo con la determinación final tomada por el foro primario en la *Sentencia*, acude ante esta *Curia*, mediante el recurso **KLAN202500114,** imputándole al foro primario haber incurrido en los siguientes errores:

> PRIMER ERROR: ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA AL CONCLUIR QUE NO SE REALIZARON GESTIONES SUFICIENTES QUE JUSTIFICARAN LA CONCESIÓN DE VARIOS EMPLAZAMIENTOS POR EDICTO.
>
> SEGUNDO ERROR: ERRÓ EL HONORABLE TRIBUNAL DE PRIMERA INSTANCIA Y ABUSÓ DE SU DISCRECIÓN AL APLICAR UN ESTÁNDAR MÁS RIGUROSO DEL REQUERIDO PARA CONCEDER EMPLAZAMIENTO POR EDICTO.

Examinados los recursos presentados, determinamos prescindir del escrito en oposición, Regla 7 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-A, R. 7 y, asimismo, ordenamos la consolidación de los recursos por presentar cuestiones comunes de hechos y de derecho.

## II.

**El Emplazamiento**

En términos generales, la jurisdicción ha sido conceptualizada como el poder o autoridad con el que está investido un tribunal u organismo adjudicativo para atender los casos y las controversias que se le presenten. *Pérez López y otros v. CFSE*, 189 DPR 877, 882-883 (2013). Ningún tribunal podrá actuar sobre un demandado sin antes haber adquirido la autoridad necesaria para ello, es decir, si antes no adquiere jurisdicción sobre su persona. *Cirino González v. Adm. Corrección, et al.*, 190 DPR 14, 37 (2014).

Dentro de nuestro esquema adversativo civil, el emplazamiento constituye el paso inaugural del debido proceso de ley que viabiliza el ejercicio de la jurisdicción judicial. *Acosta v. ABC, Inc.*, 142 DPR 927, 931 (1997); *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15, 22 (1993). El emplazamiento también persigue el propósito de notificar a la parte demandada que se ha instado en su contra una reclamación civil de suerte que pueda esta comparecer al pleito, ser oída y defenderse si es que así lo interesa. *Rivera Marrero v. Santiago Martínez*, 203 DPR 462, 480 (2019); *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 644 (2018). Asimismo, el emplazamiento permite que la parte contra la cual se ha iniciado el proceso en su contra quede obligada con el dictamen que en su día emita el tribunal. *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 384 (2021); *Torres Zayas v. Montano Gómez, et als.*, 199 DPR 458, 467.

Al ser el emplazamiento un mecanismo de rango constitucional, el fiel y cabal obedecimiento de sus requisitos resulta ser del estricto cumplimiento. *In re Rivera Ramos*, 178 DPR 651, 667-668 (2010); *Global v. Salaam*, 164 DPR 474, 480-481 (2005); *Banco Popular v. S.L.G. Negrón*, 164 DPR 855, 863-864 (2005). El

derecho procesal civil vigente, 32 LPRA Ap. V, contempla la posibilidad de emplazar a un demandado mediante tres (3) métodos distintos. La Regla 4.4 de las de Procedimiento Civil, 32 LPRA Ap. V, R. 4.4, regula lo concerniente al emplazamiento personal, que no es otra cosa que, la entrega directa y personal al demandado, de copia de la demanda y del emplazamiento. La Regla 4.5 por su parte, 32 LPRA Ap. V, R. 4.5, provee para el emplazamiento mediante renuncia voluntaria del demandado al emplazamiento personal. Finalmente, la Regla 4.6, 32 LPRA Ap. V, R. 4.6, trata lo relativo al emplazamiento por edicto. De su texto surge que en ciertas ocasiones nuestro sistema procesal civil le permite a un demandante prescindir del emplazamiento personal de un demandado, pudiendo optar por recurrir a métodos alternos de notificación como lo es el emplazamiento por edicto. *Rivera v. Jaume*, 157 DPR 562 (2002).

La Regla 4.6, *supra*, de forma clara dispone como una condición previa a la autorización para emplazar por edicto, que el demandante presente ante el tribunal junto con su solicitud a tales fines, una declaración jurada. Esta declaración jurada tiene que acreditar fehacientemente las diligencias realizadas por el demandante con el propósito de localizar al demandado y emplazarlo personalmente. La declaración a presentarse tiene que contener hechos claros, específicos y detallados demostrativos de todas las diligencias practicadas por el demandante con el fin de emplazar personalmente al demandado. Meras generalidades no tendrán valor significativo alguno. *Sánchez Ruiz v. Higuera Pérez et al.*, 203 DPR 982, 988 (2020); *Banco Popular v. S.L.G. Negrón*, supra, a la pág. 865.

Como buena práctica se ha reconocido el inquirir con las autoridades de la comunidad, tales como policía, alcalde y administrador de correo, porque a fin de cuentas son estas las personas, que, con alguna probabilidad, pudieran conocer la

residencia y paradero de las personas que viven en la comunidad que son buscadas para ser emplazadas. *Sánchez Ruiz v. Higuera Pérez et al.,* supra. El resultado de tales diligencias debe ser parte del **contenido** de la Declaración Jurada. *Global v. Salaam,* supra, a la pág. 482-483. Asimismo, ha sido avalado como correcta metodología <u>expresar en la declaración jurada las personas con quienes se investigó y sus respectivas direcciones</u>. *Sánchez Ruiz v. Higuera Pérez y otros,* supra. Resulta entonces imperativo demostrar mediante la declaración de referencia que se han realizado <u>todas estas diligencias y algunas otras</u>, puesto que es la única manera en que satisfactoriamente se le podrá acreditar al tribunal la imposibilidad de una notificación personal al demandado, lo que a su vez constituirá, la única forma en que el foro adjudicador podrá construir una correcta y válida autorización para emplazar por edicto. El tribunal deberá tomar en consideración las circunstancias particulares del caso y corroborar a su satisfacción la suficiencia de las diligencias del demandante contenidas en la declaración jurada antes de autorizar el emplazamiento por edicto solicitado. *Banco Popular v. S.L.G. Negrón,* supra; *Mundo v. Fuster,* 87 DPR 363, 372 (1963).

Por último, la Regla 4.3 (c), *supra*, establece claramente que el emplazamiento será diligenciado en el término de **ciento veinte (120) días a partir de la presentación de la demanda** o de la fecha de expedición del emplazamiento por edicto. "Transcurrido dicho término sin que se haya diligenciado el emplazamiento, el Tribunal deberá dictar sentencia decretando la desestimación y archivo sin perjuicio. Una subsiguiente desestimación y archivo por incumplimiento con el término aquí dispuesto tendrá el efecto de una adjudicación en los méritos." [Énfasis Nuestro].

En *Bernier González v. Rodríguez Becerra,* supra, a la pág. 645-650, el Tribunal Supremo tuvo la oportunidad de aclarar el

lenguaje de la Regla 4.3 de Procedimiento Civil de 2009. Luego de hacer un recuento de las enmiendas que ha sufrido la citada Regla, concluyó nuestro más alto foro que **no cabe hablar de discreción a la hora de extender el término de 120 días provistos para el diligenciamiento del emplazamiento** y en cambio, **el tribunal primario está obligado** a desestimar automáticamente la reclamación.

### III.

### a.

Analizados los señalamientos de error, planteados en el recurso **KLAN202500074**, por estar relacionados entre sí, los discutiremos conjuntamente. En esencia, el Municipio señaló que el foro apelado erró al denegar el emplazamiento por edicto y dictar la sentencia parcial por incumplimiento con el término de 120 días para emplazar personalmente. Adelantamos que no le asiste la razón.

Surge del trámite procesal consignado en la *Sentencia Parcial* apelada que el emplazamiento personal, dirigido a la señora Mieres, se expidió el 2 de mayo de 2024, y que el Municipio solicitó autorizar por edicto el 21 de agosto, lo que ocurrió dentro del término de 120 días para emplazar. No obstante, como bien coligió el TPI de la declaración jurada suscrita por el emplazador, Sr. Frank Vega Pérez, no surgen gestiones suficientes y detalladas para concluir que dicha parte codemandada no ha podido ser localizada, a pesar de haberlo intentado.

Sobre este asunto, se hace importante advertir que, como bien indicó el Municipio en su recurso ante nuestra consideración, entre alguna de las partes existió un caso anterior en el que el señor Vega Pérez fungió como emplazador (SJ2022CV09569). No obstante, el apelante obvió mencionar que, el mismo día de instar la acción que nos ocupa, presentó una *Solicitud de Expedición de Emplazamiento*

*por Edicto* en la que anejó una declaración jurada del referido emplazador, suscrita el 3 de abril de 2023, en la que este solo especificó que "... El día 1 de febrero de 2023 fui a al (*sic*) Cond. Camelto Apt. 4302 en el pueblo de San Juan dirección conocida para Adolfo Nieves Calimano y allí hablé con el (*sic*) Carmen Santiago, nuera del Sr. Nieves Calimano, quien me informo (*sic*) que había fallecido y no me dio más detalles."[6] El petitorio fue declarado No Ha Lugar por el foro *a quo* y señaló que "... La declaración jurada prestada por el **emplazador en otro caso** es insuficiente para cumplir con la Regla 4.6 de Procedimiento Civil. Parte demandante debe acreditar gestiones realizadas para intentar identificar los miembros de las sucesiones demandadas."[7]

Por tanto, resulta forzoso concluir que el emplazador ya conocía de los pormenores del caso y de la declaración jurada examinada por el TPI para este caso, con fecha del 21 de agosto de 2024[8], surge que este aseveró que una vez recibido el emplazamiento dirigido a la señora Mieres, el 30 de julio de 2024, solo visitó la residencia en dos días, el 2 y 15 de agosto, pero no vemos esfuerzos de diligencias que nos hagan entender que agotó toda posibilidad razonable para intentar localizarla, según esbozamos en el derecho precedente. Es decir, opinamos que el emplazador se conformó con gestiones mínimas para intentar emplazar a la señora Mieres. En este sentido, no surge de la declaración jurada que este haya vuelto a visitar a la residencia (en distintas horas), ni que intentara conseguir información del paradero de la señora Mieres indagando en la misma comunidad (con vecinos), en la casa alcaldía o el correo.

---

[6] Véase, Entrada Núm. 2, en el Sistema Unificado de Manejo y Administración de Casos (SUMAC).

[7] *Íd.*, a la Entrada Núm. 8. Énfasis nuestro.

[8] Véase, Apéndice del Recurso, a las págs. 30-31. Apuntalamos que la declaración jurada del emplazador, señor Vega Pérez, del 10 de octubre de 2024 e incluida como parte del apéndice del presente caso, corresponde a una moción en cumplimiento de orden presentada ese mismo día. Véase, Entrada Núm. 19 de SUMAC; Apéndice del Recurso, a las págs. 35-38.

Lo que constituyen diligencias mínimas y razonables. Solo se conformó con la escasa información que le ofrecieron los oficiales de seguridad del condominio sin inquirir sobre esta con la administración, como bien indicó el TPI. Enfatizamos que el emplazador conocía del anterior caso; así como de los inconvenientes para diligenciar los emplazamientos personales por lo que es razonable entender que venía obligado a realizar diligencias adicionales para intentar hallar a la señora Mieres. No las mismas que fueron infructuosas.

Al respecto, se hace importante mencionar las expresiones del foro apelado en la *Orden* del 25 de septiembre de 2024, misma fecha de dictada la *Sentencia Parcial* impugnada:[9]

> "En cuanto a Ana Josefina Mieres, no se han realizado gestiones suficientes para intentar localizarla. Nótese que el emplazamiento se expidió el 2 de mayo de 2024 y, según la declaración jurada, no fue hasta el 30 de julio de 2024 que se le entregó al emplazador. Es decir, no se hizo diligencia o gestión alguna en más de 2 meses. Dos visitas a la residencia, el 2 y el 15 de agosto de 2024, sin especificar horas ni detalles adicionales, ni intentos de buscar información en la administración del condominio y/o vecinos no son suficientes para concluir que no se puede localizar.
> ...
> En este sentido, además de las mínimas gestiones realizadas en la dirección de la demandada, las aseveraciones generalizadas de búsquedas en internet son generalizadas y carentes de detalles que nos permitan aquilatar si son potencialmente efectivas. Ni siquiera se brindaron detalles de lo que se encontró ni los términos de dichas búsquedas, ni se realizaron búsquedas en fechas adicionales, ni se alegó haber utilizado portales de información gubernamental y judicial. Considerando la era digital en la que vivimos, y el acceso a la información y recursos de la parte demandante, las escuetas gestiones realizadas en el campo cibernético no son confiables.

Así pues, tomando en cuenta el principio reiterado en nuestro ordenamiento jurídico que establece que, al evaluar la suficiencia de las diligencias, el tribunal debe considerar todos los recursos razonablemente accesibles al demandante para intentar conseguir al demandado, nos es forzoso razonar, al igual que el foro *a quo*, que

---

[9] Véase, Apéndice del Recurso, a las págs. 32-33.

las mismas resultaron ser inefectivas, más aún, las llevadas a cabo en las redes sociales, las cuales no demuestran indagaciones profundas y completas en el mundo informático que cubre todos los ámbitos de la sociedad.

En fin, los errores señalados no fueron cometidos por el foro primario.

**b.**

Respecto al recurso identificado como **KLAN202500114**, de entrada, advertimos que es norma asentada que los tribunales debemos ser celosos guardianes de nuestra jurisdicción. *Cordero et al. v. ARPe et al.,* 187 DPR 445, 457 (2012); *Medina v. Medina,* 161 DPR 806, 817 (2004); *Vázquez v. ARPe,* 128 DPR 513, 537 (1991); *Martínez v. Junta de Planificación,* 109 DPR 839, 842 (1980). La jurisdicción es el poder o la autoridad que posee un tribunal para considerar y decidir casos y controversias. *ASG v. Mun. San Juan,* 168 DPR 337, 343 (2006); *Brunet Justiniano v. Gobernador,* 130 DPR 248, 255 (1992). Por ello, las cuestiones relativas a la jurisdicción, por ser privilegiadas, deben ser resueltas con preferencia a cualesquiera otras. *S.L.G. Szendrey-Ramos v. F. Castillo,* 169 DPR 873, 882 (2007); *Morán v. Martí,* 165 DPR 356, 364 (2005); *Vega et al. v. Telefónica,* 156 DPR 584, 595 (2002). <u>Una vez un tribunal entiende que no tiene jurisdicción solo tiene autoridad para así declararlo y, por consiguiente, desestimar el recurso.</u> *García v. Hormigonera Mayagüezana,* 172 DPR 1, 7 (2007); *Carattini v. Collazo Syst. Analysis, Inc.,* 158 DPR 345, 355 (2003).

Como corolario de lo antes expuesto, el Reglamento del Tribunal de Apelaciones dispone en la Regla 83, 4 LPRA Ap. XXII-B, R. 83, lo siguiente:

> (B) Una parte podrá solicitar en cualquier momento la desestimación de un recurso por los motivos siguientes:
> (1) que el Tribunal de Apelaciones carece de jurisdicción;
> (...)

(C) El Tribunal de Apelaciones, a iniciativa propia, podrá desestimar un recurso de apelación o denegar un auto discrecional por cualesquiera de los motivos consignados en el inciso (B) precedente.

En la presente causa, enfatizamos que carecemos de autoridad para examinar las contenciones del Municipio expuestas en el antedicho recurso. Veamos.

La *Sentencia* impugnada que desestima sin perjuicio la totalidad del pleito se notificó el 13 de diciembre de 2024, por lo que conforme a la Regla 52.2 (c) de las de Procedimiento Civil, 32 LPRA Ap. V., 52.2 (c), y la Regla 13 (A) del Reglamento del Tribunal de Apelaciones, 4 LPRA, Ap. XXII-B, R. 13 (A), el recurso de apelación debió ser presentado ante esta *Curia* en el **término jurisdiccional de sesenta (60) días,** a partir de dicha fecha. Por lo que, el Municipio tenía hasta el 11 de febrero de 2025 para acudir en revisión y no lo hizo. El recurso se presentó el 13 de febrero, es decir, en exceso del plazo jurisdiccional que se tenía para ello.

Precisa señalar que nuestro ordenamiento establece que, un recurso tardío, adolece de grave e insubsanable defecto de falta de jurisdicción; por lo que, de cumplirse esta instancia, el mismo debe ser desestimado. *Juliá et al. v. Epifanio Vidal*, S.E., 153 DPR 357, 366-367 (2001). Así pues, su presentación carece de eficacia y no produce efecto jurídico alguno, dado a que no existe autoridad judicial para acogerlo. *Empress Hotel, Inc. v. Acosta,* 150 DPR 208, 213 (2000).

Asimismo, resulta importante mencionar que es norma reiterada que los términos jurisdiccionales son de naturaleza improrrogable, por lo que no están sujetos a interrupción o cumplimiento fuera de término. Lo anterior, independientemente de las consecuencias procesales que su expiración provoque. *Rosario Domínguez et als. v. ELA et al.,* 198 DPR 197, 208 (2017). Como resultado, si una parte incumple con un requisito jurisdiccional, el

foro carecerá de jurisdicción para evaluar la controversia ante su consideración y deberá desestimar el caso. *COSVI v. CRIM*, 193 DPR 281, 287 (2015).

Así pues, respecto al recurso KLAN202500114 solo corresponde desestimarlo ante su presentación tardía, por incumplir con el término jurisdiccional de sesenta (60) días que tenía el Municipio para acudir en revisión ante este foro intermedio.

**IV.**

Por los fundamentos antes expuestos, confirmamos la *Sentencia Parcial* apelada en el recurso **KLAN202500074** y desestimamos el recurso **KLAN202500114**, el cual se nos solicitó revisar la *Sentencia* final por la falta de jurisdicción ante su presentación tardía. La juez Lebrón Nieves disiente con opinión escrita.

Notifíquese.

Lo acordó y manda el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

LCDA. LILIA M. OQUENDO SOLÍS
Secretaria del Tribunal de Apelaciones

| | | |
|---|---|---|
| MUNICIPIO AUTÓNOMO DE SAN JUAN<br><br>Apelante<br><br>V.<br><br>ANA JOSEFINA MIERES Y SUCESIÓN DE IRIS JOSEFINA MIERES; ADOLFO MIERES CALIMANO REPRESENTADA POR FULANO DE TAL Y ZUTANO DE TAL<br><br>Apelados<br><br>CENTRO DE RECAUDACIÓN DE INGRESOS MUNICIPALES<br><br>Parte con Interés | KLAN202500074<br><br>consolidado con<br><br>KLAN202500114 | *Apelación* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Civil núm.: SJ2024CV03780 (901)<br><br>Sobre: Cobro de Dinero |

Panel integrado por su presidenta la juez Lebrón Nieves, la jueza Romero García y el juez Rivera Torres

**VOTO DISIDENTE DE LA JUEZ LEBRÓN NIEVES**

En San Juan, Puerto Rico, a 1º de marzo de 2025.



Con mucho respeto y deferencia, la Juez Lebrón Nieves disiente del curso de acción tomado por la Mayoría del Panel, mediante el cual se confirma el dictamen del foro *a quo*, que desestimó la demanda objeto del recurso de marras, en cuanto a la señora Ana Josefina Mieres.

**I**

El caso de marras tuvo su origen el 24 de abril de 2024, cuando el Municipio de San Juan (en adelante, el Municipio o parte apelante), presentó una demanda en cobro de dinero contra la señora Ana Josefina Mieres, las Sucesiones demandadas de la

señora Iris Josefina Mieres y Adolfo Mieres Calimano y el Centro de Recaudaciones de Ingresos Municipales (este último, como parte con interés[1], en adelante y en conjunto, parte apelada). En esencia, el Municipio alegó que, los codemandados son usufructuarios de un terreno de su propiedad y que adeudan los cánones establecidos para el usufructo, así como el pago de las contribuciones sobre la propiedad en la suma de **trescientos sesenta y seis novecientos cincuenta y nueve dólares con cuarenta centavos ($366,959.40)**. En cuanto a las Sucesiones demandadas, en igual fecha, solicitó que se expidieran los emplazamientos por edicto.



Entablado el pleito, el 2 de mayo de 2024, la Secretaría del foro primario expidió el emplazamiento dirigido a la parte apelada. El 21 de agosto siguiente, el Municipio solicitó al foro *a quo* que le autorizara emplazar por edicto, toda vez que, los esfuerzos para emplazar a dicha parte habían resultado infructuosos, respecto a lo cual anejó una declaración jurada del emplazador Frank Vega. El señor Vega afirmó en su declaración jurada haber realizado las siguientes gestiones:

### DECLARACIÓN JURADA

Yo, Frank Vega Pérez, casado, mayor de edad, emplazador y vecino de Toa Alta, Puerto Rico, bajo juramento declaro:

1. Mi nombre y demás circunstancias personales son las anteriormente expresadas.

2. El 30 de julio de 2024 me entregaron tanto el emplazamiento de la señora Ana Josefina Mieres como el de la Sucesión de Iris Josefina Mieres; Adolfo Mieres Calimano representada por Fulano de Tal y Zutano de Tal.

3. El día 2 de agosto de 2024, fui a la última dirección conocida para la Sucesión de Iris Josefina Mieres; Adolfo Mieres Calimano representada por Fulano de Tal, así como de la codemandada Ana Josefina Mieres, en el Condominio Camelot, Apt. 4302 en el pueblo de San Juan. Allí, el oficial Rodríguez me indicó que no

---

[1] El Municipio afirmó que el emplazamiento dirigido al CRIM fue diligenciado el 22 de mayo de 2024.

contestaban en la residencia a pesar de haberse intentado comunicar en mi presencia.

4. El 6 de agosto de 2024 hice varias búsquedas Google, así como en varias redes sociales, entre estas, Facebook, Instagram y LinkedIn para ver si conseguía alguna dirección adicional y/o información adicional para identificar y localizar los miembros de la Sucesión de Iris Josefina Mieres y Adolfo Mieres Calimano y la codemandada Ana Josefina Mieres. A pesar de esas gestiones no conseguí dirección ni información adicional relacionada a la identidad de los miembros de la sucesión, su paradero ni de la codemandada Ana Josefina Mieres.

5. El día 15 de agosto de 2024 regresé al Condominio Camelot Apt. 4302, y ahí hablé con la oficial Genesis Rivera quien me indicó que no había nadie en la residencia. Le dejé mi información y número de celular para que el residente me llamara. Ese mismo día por la tarde me llamó una persona que se identificó como Francisco López Romo quien a pesar de no ser miembro de la sucesión me indicó que Iris Josefina Mieres y Adolfo Mieres Calimano fallecieron y que, sí hay herederos, pero se desconoce su paradero y/o identidad. También indicó que desconoce el paradero y/o dirección de la codemandada Ana Josefina Mieres.

6. En vista de lo anterior, a pesar de realizar varias gestiones para poder diligenciar efectivamente los emplazamientos aquí descritos al día de hoy no he podido diligenciar personalmente el emplazamiento de La Sucesión de Iris Josefina Mieres; Adolfo Mieres Calimano representada por Fulano de Tal y de la señora Ana Josefina Mieres.

Y PARA QUE ASI CONSTE, juro y suscribo la presente en Bayamón, Puerto Rico, a 21 de agosto de 2024.

[Fdo. Frank Vélez]



En atención a dicho petitorio, el 25 de septiembre de 2024, el foro primario emitió *Orden* mediante la cual declaró No Ha Lugar las solicitudes de emplazamientos por edicto. En igual fecha, emitió *Sentencia Parcial*, en la que ordenó la desestimación y archivo sin perjuicio del caso en cuanto a Ana Josefina Mieres, sin especial imposición de costas ni honorarios. Razonó que, de los documentos y de la declaración jurada suscrita por el emplazador, no surgía haberse realizado gestiones suficientes para intentar localizar a la apelada. En lo particular, el foro primario concluyó lo siguiente:

En el caso de autos, el emplazamiento dirigido a la parte demandada Ana Josefina Mieres se expidió el **2 de**

**mayo de 2024**, por lo que el término de ciento veinte (120) días para diligenciarlos venció el **30 de agosto de 2024**. Si bien es cierto que varios días antes de vencer el término para emplazar se presentó una moción para emplazar por edicto, esta fue denegada por no cumplir con la Regla 4.6 de Procedimiento Civil. De la declaración jurada del emplazador contratado por la parte demandante no surgen gestiones suficientes y detalladas para concluir que, en efecto, la demandada no ha podido ser localizada a pesar de haberlo intentado.

Según discutido anteriormente, el término para diligenciar los emplazamientos es improrrogable, por lo que el término para emplazar a la demandada venció el 30 de agosto de 2024 sin que se hubiera diligenciado y sin que se hubiera cumplido con la Regla 4.6 de Procedimiento Civil y con los criterios jurisprudenciales exigidos para poder solicitar el emplazamiento por edicto.

Por todo lo anterior, habiendo transcurrido en exceso de ciento veinte (120) días sin que se hayan diligenciado los emplazamientos según requiere la Regla 4.3 (c) de Procedimiento Civil de Puerto Rico, y sin que se hubiese solicitado correctamente el emplazamiento por edicto, se ordena **la desestimación y archivo sin perjuicio del caso de epígrafe en cuanto a Ana Josefina Mieres**, sin especial imposición de costas ni honorarios.



Se dicta esta Sentencia Parcial por no existir razón para posponerla hasta la resolución final de la acción incoada, y se ordena que se registre y notifique la presente Sentencia Parcial conforme a las Reglas 42.3 y 46 de Procedimiento Civil, 32 LPRA Ap. V, Rs. 42.3 y 46.

En desacuerdo con lo dictaminado, el 10 de octubre de 2024, el Municipio interpuso *Urgente Solicitud de Reconsideración*, en la cual, incluso, abundó sobre las gestiones realizadas para emplazar personalmente. Empero, la misma fue declarada *No Ha Lugar* el 27 de noviembre de 2024, notificada el 3 de diciembre de 2024.

Subsiguientemente, el 10 de diciembre de 2024, notificada el 13 del mismo mes y año, el foro primario emitió *Sentencia* en la que ordenó la desestimación y el archivo sin perjuicio de la totalidad del pleito sin imposición de costas ni honorarios, debido a que no se emplazaron en el término de 120 días a los demás codemandados, *Sucesión de Iris Josefina Mieres; Adolfo Mieres Calimano, representada por Fulano de Tal.*

Inconforme, el Municipio compareció ante este Tribunal mediante el recurso con identificación alfanumérica KLAN202500074, y esgrimió los siguientes señalamientos de error:

Primer Error: Erró el Honorable Tribunal de Primera Instancia al concluir que no se realizaron gestiones suficientes que justificaran la concesión de varios emplazamientos por edicto.

Segundo Error: Erró el Honorable Tribunal de Primera Instancia al aplicar un estándar más riguroso del requerido para conceder emplazamientos por edicto.

Tercer Error: Erró el Honorable Tribunal de Primera Instancia y abusó de su discreción al desestimar la demanda del Municipio a la misma vez y el mismo día en que decidió la moción de emplazamiento por edicto. Lo anterior, a pesar de que conocía que dicha moción fue presentada en tiempo y que el propio tribunal se tardó más de un mes en resolverla, lapso suficiente para que expirara el término original.

Por estar igualmente en desacuerdo con la sentencia desestimatoria, el Municipio acudió ante este foro revisor, mediante el recurso KLAN202500114, y nos solicita que revoquemos la *Sentencia* emitida por el TPI el 10 de diciembre de 2024, notificada el 13 de diciembre siguiente, en la que el foro primario ordenó la desestimación y el archivo sin perjuicio de la totalidad del pleito sin imposición de costas ni honorarios. Lo anterior, bajo el fundamento de que no se emplazaron en igual plazo, a los demás codemandados, y esbozó los siguientes señalamientos de errores:

Primer Error: Erró el Honorable Tribunal de Primera Instancia al concluir que no se realizaron gestiones suficientes que justificaran la concesión de varios emplazamientos por edicto.

Segundo Error: Erró el Honorable Tribunal de Primera Instancia y abusó de su discreción al aplicar un estándar más riguroso del requerido para conceder emplazamientos por edicto.

La Mayoría de este Panel optó por prescindir del escrito en oposición, a tenor con la Regla 7 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-A, R. 7 y, asimismo, ordenó la consolidación de los recursos por entender que presentan cuestiones comunes de hechos y de derecho.



En adelante, la Juez que suscribe expone su desacuerdo con el curso de acción tomado por la Mayoría de este panel, por los fundamentos que en adelante se esbozan.

**II**

### A. Deferencia Judicial

Según es sabido, las determinaciones de hechos y de credibilidad del tribunal sentenciador deben ser merecedoras de gran deferencia por parte de los foros apelativos, puesto que, el juzgador de instancia es quien –de ordinario– se encuentra en mejor posición para aquilatar la prueba testifical. *Argüello v. Argüello*, 155 DPR 62 (2001); *Pueblo v. Bonilla Romero*, 120 DPR 92, 111 (1987); *Hernández Maldonado v. Taco Maker*, 181 DPR 281 (2011); *SLG Rivera Carrasquillo v. Autoridad de Acueductos y Alcantarillados de Puerto Rico*, 177 DPR 345, 356 (2009). Bajo este supuesto, los foros de primera instancia tienen la oportunidad de oír, ver y apreciar el comportamiento de los testigos. *Santiago Ortiz v. Real Legacy et al.*, 206 DPR 194, 219, (2021).



Como regla general, un Tribunal Apelativo no debe intervenir con las determinaciones de hechos ni con la adjudicación de credibilidad que haya efectuado el juzgador de los hechos, ni tiene facultad para sustituir por sus propias apreciaciones, las determinaciones del tribunal de instancia. *Serrano v. Sociedad Española*, 171 DPR 717, 741 (2007); *Rolón v. Charlie Car Rental*, 148 D.P.R. 420, 433 (1999). Esto es, los tribunales apelativos deben mantener deferencia para con la apreciación de la prueba que realiza el foro primario. *McConnell Jiménez v. Palau*, 161 DPR 734, 750 (2004).

Sin embargo, la deferencia judicial no es absoluta, pues podrá ser preterida en ciertas instancias. Nuestro Máximo Foro ha reiterado que, los tribunales apelativos "no debemos intervenir con las determinaciones de los juzgadores de primera instancia, salvo

que medie pasión, prejuicio, parcialidad o error manifiesto". *Serrano Muñoz v. Auxilio Mutuo*, 171 DPR 717, 741 (2007); *Santiago Ortiz v. Real Legacy et al.*, supra, pág. 219; *Rodríguez et al. v. Hospital et al.*, 186 DPR 889, 908-909 (2012); *Dávila Nieves v. Meléndez Marín*, 187 DPR 750 (2013); *SLG Rivera Carrasquillo v. Autoridad de Acueductos y Alcantarillados de Puerto Rico*, supra, pág. 356.

**B. Emplazamiento**

En nuestro ordenamiento jurídico, el emplazamiento es el mecanismo procesal que permite al Tribunal adquirir jurisdicción sobre la persona del demandado, para que este quede obligado por el dictamen que, en su día, emita el foro judicial. *Martajeva v. Ferre Morris*, 210 DPR 612, 620 (2022); *Rivera Torres v. Díaz López*, 207 DPR 636, 646-647 (2021); *Pérez Quiles v. Santiago Cintrón*, 206 DPR 379, 384 (2021). Dicho mecanismo procesal es parte esencial del debido proceso de ley, pues su propósito principal es notificar a la parte demandada que existe una acción judicial en su contra. De esta manera, la parte puede comparecer en el procedimiento, ser oído y presentar prueba a su favor. *Martajeva v. Ferre Morris*, supra; *Rivera Torres v. Díaz López*, supra, pág. 647; *Pérez Quiles v. Santiago Cintrón*, supra, pág. 384; *Global v. Salaam*, 164 DPR 474, 480 (2005); *Datiz v. Hospital Episcopal*, 163 DPR 10, 15 (2004); *Medina v. Medina*, 161 DPR 806 (2004). Por lo tanto, su adulteración constituye una flagrante violación al trato justo. *Torres Zayas v. Montano Gómez, et als.*, 199 DPR 458, 467 (2017).



Conforme a lo anterior, no es hasta que se diligencia el emplazamiento y se adquiere jurisdicción que la persona puede ser considerada propiamente parte; aunque haya sido nombrada en el epígrafe de la demanda, hasta ese momento sólo es parte nominal. Véanse: *Sánchez Rivera v. Malavé Rivera*, 192 DPR 854 (2015); *Medina v. Medina*, supra; *Acosta v. ABC, Inc.*, 142 DPR 927 (1997).

(Énfasis en el original). *Torres Zayas v. Montano Gómez, et als.*, supra, pág. 467.

Recordemos que las normas sobre el emplazamiento "son de carácter impositivo, de las cuales no se puede dispensar. La razón de esta rigurosidad es que el emplazamiento se mueve dentro del campo del Derecho constitucional y más específicamente dentro del derecho del demandado a ser oído y notificado de cualquier reclamación en su contra". R. Hernández Colón, *Práctica jurídica de Puerto Rico: derecho procesal civil*, 6ta ed., San Juan, Ed. LexisNexis, 2017, pág. 257. *Torres Zayas v. Montano Gómez, et als.*, supra, pág. 468.



En ese sentido, es menester señalar que la falta de un correcto emplazamiento a la parte contra la cual un Tribunal dicta sentencia, "produce la nulidad de la sentencia dictada por falta de jurisdicción sobre el demandado [...]". *Lonzo Llanos v. Banco de la Vivienda*, 133 DPR 509, 512 (1993). Véase *Rivera Torres v. Díaz López*, supra, págs. 647-648. Dicho de otro modo, "[t]oda sentencia dictada contra un demandado que no ha sido emplazado o notificado conforme a derecho es inválida y no puede ser ejecutada. Se trata de un caso de nulidad radical por imperativo constitucional". *Torres Zayas v. Montano Gómez, et als.*, supra, págs. 468-469.

La figura del emplazamiento está regulada por la Regla 4 de las de Procedimiento Civil, 32 LPRA Ap. V. En particular, dicho precepto legal dispone que una parte que interese demandar a otra deberá presentar el formulario de emplazamiento conjuntamente con la demanda para que el Secretario o Secretaria del Tribunal lo expida inmediatamente. Regla 4.1 de las de Procedimiento Civil, 32 LPRA Ap. V. Una vez expedido el emplazamiento, la parte que lo solicita cuenta con **120 días** para poder diligenciarlo. Lo anterior, a partir del momento en que se presenta la demanda o de la fecha de expedición del emplazamiento por edicto. Regla 4.3(c) de

Procedimiento Civil, 32 LPRA Ap. V. En caso de que transcurra el referido término de 120 días y éste no se diligencie, el tribunal deberá dictar sentencia en la que decrete su desestimación y archivo sin perjuicio del caso ante su consideración. *Id. Torres Zayas v. Montano Gómez, et als.*, supra, págs. 467-468; *Martajeva v. Ferre Morris*, supra.

Sin embargo, es sabido que "[p]ara que comience a decursar ese término, es requisito no solamente que se haya presentado la demanda y sometido el emplazamiento correspondiente sino, además, que el emplazamiento sea expedido por el tribunal". Esto, unido a que la propia regla establece que el tiempo que se demore la Secretaría en expedir los emplazamientos será el mismo tiempo adicional que otorgarán los tribunales, lleva al Tribunal Supremo de Puerto Rico a concluir que no se trata de solicitar una prórroga como tal. Más bien, según nuestra Alta Curia, se trata del deber de presentar una moción al tribunal solicitando la expedición de los emplazamientos. En consecuencia, una vez la Secretaría expide el emplazamiento, entonces comenzará a transcurrir el término de 120 días. Por eso, no se trata en realidad de una prórroga debido a que, en ninguna de estas circunstancias, la parte contará con más de 120 días. (Citas omitidas). *Bernier González v. Rodríguez Becerra*, 200 DPR 637, 650 (2018).



Nuestras Reglas de Procedimiento Civil establecen dos maneras para diligenciar un emplazamiento: de forma personal o mediante edicto. *Sánchez Ruiz v. Higuera Pérez*, 203 DPR 982, 987 (2020). El emplazamiento personal es el método idóneo para adquirir jurisdicción. Ahora bien, por excepción y en circunstancias específicas, nuestras Reglas de Procedimiento Civil permiten que se utilice el mecanismo del emplazamiento por edicto. Regla 4.6(a) de Procedimiento Civil, 32 LPRA Ap. V, R. 4.6(a). *Caribbean Orthopedics v. Medshape et al*, 207 DPR 994, 1005 (2021).

En particular, la Regla 4.6 de Procedimiento Civil, 32 LPRA Ap. V, regula todo lo relacionado al emplazamiento por edictos. Esta dispone en lo pertinente, lo siguiente:

Regla 4.6. Emplazamiento por edictos y su publicación

(a)  Cuando la persona a ser emplazada esté fuera de Puerto Rico, o que estando en Puerto Rico no pudo ser localizada después de realizadas las diligencias pertinentes, o se oculte para no ser emplazada, o si es una corporación extranjera sin agente residente, y así se **compruebe a satisfacción del tribunal mediante declaración jurada que exprese dichas diligencias**, y aparezca también de dicha declaración o de la demanda presentada, que existe una reclamación que justifica la concesión de algún remedio contra la persona que ha de ser emplazada, o que dicha persona es parte apropiada en el pleito, el tribunal podrá dictar una orden para disponer que el emplazamiento se haga por un edicto. No se requerirá un diligenciamiento negativo como condición para dictar la orden que disponga que el emplazamiento se haga mediante edicto. (Énfasis en el original).



Respecto a la acreditación de las gestiones para emplazar, nuestra última instancia judicial ha establecido que: "[l]a declaración jurada que acredita las diligencias realizadas para citar al demandado personalmente debe expresar hechos específicos y no meras conclusiones o generalidades. *Reyes v. Oriental Fed. Savs. Bank*, 133 DPR 15, 25 (1993). De este modo, se debe expresar las personas con quienes se investigó y su dirección. *Global v. Salaam*, supra, pág. 482. Además, se ha indicado que es una buena práctica "inquirir de las autoridades de la comunidad, la policía, el alcalde, del administrador de correos que son las personas más llamadas a conocer la residencia o el paradero de las personas que viven en la comunidad". *Íd.*, págs. 482-483. "Al evaluar la suficiencia de tales diligencias, el tribunal deberá tener en cuenta todos los recursos razonablemente accesibles al demandante para intentar hallar al demandado y si se ha agotado toda posibilidad razonable disponible al demandante para poder localizarlo". *Íd.*, pág. 483.[2]



[2] Véase, *Sánchez Ruiz v. Higuera Pérez*, supra, págs. 988-989.

Sobre este particular, el Alto Foro, citando en lo concerniente, al tratadista Cuevas Segarra, ha dispuesto que la Regla 4.6 exige la comprobación de diligencias vigorosas y honesto esfuerzo para citar al demandado personalmente sólo cuando, estando en Puerto Rico, el demandado no puede ser emplazado, o cuando estando fuera de Puerto Rico, se ignora su dirección y paradero.[3]

Esbozada la norma jurídica, procede a aplicarla al caso ante nuestra consideración.

### III

Tal y como surge del tracto procesal previamente esbozado, el **2 de mayo de 2024**, la Secretaría del foro primario expidió el emplazamiento dirigido a la señora Ana Josefina Mieres. Ante las gestiones infructuosas realizadas por el emplazador para diligenciar personalmente dicho emplazamiento, el **21 de agosto de 2024**, habiendo transcurrido **112 días** desde su expedición, y por consiguiente, *dentro del término de 120 días para emplazar*, el Municipio solicitó autorizar por edicto. Dicha solicitud le fue denegada por el foro primario.



Al examinar ponderada y desapasionadamente la declaración jurada suscrita por el emplazador Frank Vega, es la opinión de la Juez que suscribe que la misma cumplió con el criterio de diligencias razonables, según ha establecido nuestra última instancia judicial. Como esbozamos previamente, "[a]l evaluar la suficiencia de tales diligencias, el tribunal deberá tener en cuenta todos los recursos razonablemente accesibles al demandante para intentar hallar al demandado y si se ha agotado toda posibilidad razonable disponible al demandante para poder localizarlo".

Resulta incorrecto afirmar que dichas gestiones constituyen meras generalidades, ya que, de la declaración jurada en cuestión,

---

[3] Cuevas Segarra, *Tratado de Derecho Procesal Civil*, 2da ed., San Juan, P.R., Publicaciones JTS, 2011, pág. 356.

se desprenden *gestiones específicas* y acordes con la doctrina prevaleciente, por lo que el Municipio cumplió con dicho requisito procesal.

Por último, a pesar de que la suscribiente considera que las gestiones fueron suficientes, si la Juzgadora de instancia no estaba convencida de las mismas, en lugar de desestimar el pleito, muy bien pudo celebrar una vista evidenciaria para disipar cualquier duda respecto a las gestiones realizadas por la parte apelante para emplazar a la parte apelada.

No podemos perder de perspectiva de que estamos ante la sustancial suma de **trescientos sesenta y seis mil novecientos cincuenta y nueve dólares con cuarenta centavos ($366,959.40)**, alegadamente adeudada, de la cual se verá privada el Municipio al no poder recobrarla, afectando así, al interés público.

Es por lo anterior, que la Juez que suscribe disiente del curso de acción tomado por la Mayoría de este Panel.

**GLORIA L. LEBRÓN NIEVES**
Juez de Apelaciones